UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALBERT A. GRAYER**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 22-1501**

**JAMES SOILEAU**                                                 **SECTION: "J"(1)**

### O R D E R

Before the Court is *pro se* Plaintiff's Albert A. Grayer's "Notice of Appeal" to the Louisiana Supreme Court **(Rec. Doc. 16)**. Plaintiff's notice does not provide any specific objections to the Report and Recommendation, but instead provides notice that he is appealing the recommendation to the Louisiana Supreme Court. (Rec. Doc. 16, at 1). Thus, the Court will construe the March 17, 2023 notice as a timely Objection to the Magistrate Judge's February 22, 2023 Report and Recommendation.

Plaintiff claims that, pursuant to 42 U.S.C § 1983, Defendant James Soileau, Plaintiff's parole officer, violated Plaintiff's rights when Plaintiff was accused of violating the terms of his parole. Defendant Soileau moved to dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and/or 28 U.S.C. 1915. (Rec. Doc. 10). The Magistrate Judge recommends dismissal of all claims against Soileau in his official capacity because those claims are barred by Eleventh Amendment immunity, and because Plaintiff does not seek prospective injunctive relief in this case. (Rec. Doc. 15, at 5-6). The Magistrate Judge also recommends

dismissal of Plaintiff's claims against Soileau in his individual capacity. *Id.* at 7. First, the claim that the increase in his supervision fees violated Plaintiff's rights must be dismissed because parole officers do not set supervision fees. *Id.* Second, Soileau is absolutely immune for liability for his conduct in parole decisions, so he is not liable for failing to provide a notarized affidavit to the parole board. *Id.* at 7-8. Third, Plaintiff's claims regarding the Double Jeopardy clause fails because that clause does not extend to parole revocation proceedings. *Id.* at 8. Finally, Plaintiff's denial of counsel in his parole revocation hearing did not violate his rights because he had no constitutional right to counsel under the facts of this case. *Id.* at 11-12.

Plaintiff's response to the Report and Recommendation provides no legal or factual basis for his objection. (Rec. Doc. 16). Having considered the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections,

**IT IS HEREBY ORDERED** that Plaintiff's objection **(Rec. Doc. 16)** is **OVERRULED**, and the Magistrate's Report and Recommendation (Rec. Doc. 15) is **ADOPTED** as the opinion of the Court.

**IT IS HEREBY ORDERED** that James Soileau's motion to dismiss, Rec. Doc. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against Soileau are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's individual-capacity claims against Soileau are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 3rd day of April, 2023.

                                              **CARL J. BARBIER**
                                              **UNITED STATES DISTRICT JUDGE**